UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL JAMES ROSS,

    Plaintiff,

v.                                                                  Case No.:  2:24-cv-852-SPC-KCD

TERESA HEITMANN, TERRY
HUTCHINSON, JAY
BOODHESHWAR and BERNE
BARTON,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Michael Ross' Complaint. (Doc. 1). Because Plaintiff's complaint is insufficient on several fronts, the Court dismisses it without prejudice and with leave to amend.

Plaintiff Michael James Ross, filing pro se, brings this action against the Mayor of Naples, Vice Mayor, City Manager, and a Council Member. He claims Defendants have violated the "Summary of the Pollution Prevention Act, Summary of the National Environmental Policy Act, Summary of the Marine Protection, Research, and Sanctuaries Act, Summary of the Food Quality Protection Act, Summary of the Safe Drinking Water Act." (Doc. 1 at 3). He claims that "the Collier County, Florida government has failed the people" with respect to "properly protecting the environment." (*Id*. at 4). Plaintiff demands

that politicians "either fix many of the environmental problems or to leave office." (*Id*.). And in several places Plaintiff includes addresses to what appear to be his own websites. But the problem is that the foregoing is not a summary of Plaintiff's claim—it is the entirety of the information contained in his complaint. This is insufficient.

Pro se complaints are construed liberally and held to less stringent standards than formal pleadings that lawyers draft. *See Campbell v. Air Jamaica Ltd*., 760 F.3d 1165, 1168 (11th Cir. 2014). But the leniency has limits. Courts neither "serve as de facto counsel for a [pro se] party," nor "rewrite an otherwise deficient pleading in order to sustain an action." *Id*. at 1168-69 (citation omitted); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

Aside from listing several "summaries," Plaintiff does not cite a single statute or explain how any law provides him with a cause of action. Nor does Plaintiff provide any facts to support a conceivable claim. This is problematic, as a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff must provide more than labels and conclusions. *Bell*

2

*Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  A formulaic recitation of the elements of a cause of action will not be enough.  *Id.*  "Factual allegations must be enough to raise a right above the speculative level[.]"  *Id.*  Plaintiff's factual allegations fall well short of these standards.

Whether Plaintiff has standing to sue is also unclear.  As things currently stand, Plaintiff's complaint appears to be a "generalized grievance" alleging an impact on Plaintiff' that is "plainly undifferentiated and common to all members of the public."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 575 (1992) (cleaned up).  Plaintiff must allege facts showing he suffered an injury in fact that is concrete and particularized to him, actual or imminent, fairly traceable to Defendants' challenged conduct, and likely to be redressed by a favorable decision from the Court.  *Id.* at 560-61.

Accordingly, it is now

**ORDERED**:

1. The complaint (Doc. 1) is **DISIMISSED without prejudice.**
2. **On or before October 7, 2024**, Plaintiff must file an amended complaint consistent with this Order.  **Failure to comply with this Order will result in dismissal of this action without further notice.**

3

**DONE** and **ORDERED** in Fort Myers, Florida on September 23, 2024.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4